NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA HARRINGTON,<br><br>                      Plaintiff,<br>    v.<br>BERGEN COUNTY, et al.,<br><br>                      Defendants. | Action No. 2:14-cv-5764 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for reconsideration (ECF No. 93) and Defendants' opposition thereto (ECF Nos. 95-96). Plaintiff's motion concerns the Court's prior Order (ECF No. 92) denying Plaintiff's discovery request (ECF No. 74) for want of recency, relevance, and proportionality. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, denies the motion for reconsideration.

Plaintiff contends that it "was a plain error of law for a Magistrate Judge, during fact Discovery, to make a *de facto* evidentiary admissibility ruling that is solely within the jurisdiction of the District Judge." (Motion, ECF No. 93-1, at 4.[1]) Plaintiff maintains that "[t]he evidence [sought] relates to [Defendant] Molinelli having previously misused his public office as a favor to a friend – just as in the instant lawsuit." (Id.; Letter, ECF No. 74, at 1-2; Letter, ECF No. 82-1, at 5-6.) Plaintiff thus asks this Court to reconsider its decision and compel Defendant Molinelli "to answer questions on issues relating to Dr. Ragi and [Defendant] Molinelli's highly questionable decision not to prosecute as a favor to a friend." (Motion, ECF No. 93-1, at 8-13.)

---

[1] References use page numbers assigned by CM/ECF.

Defendants previously argued that "Plaintiff seeks to compel discovery concerning an unrelated matter that is the subject of an expungement order[]" and that "Plaintiff cannot demonstrate any relevance of the requested discovery to her claims in this case, nor any good cause or compelling need to obtain records that, by statute, are subject to strict confidentiality and, in fact, are deemed not to exist at all as a matter of law." (Opp., ECF No. 81, at 5.) In opposition to Plaintiff's motion for reconsideration, Defendants emphasize that there is no new evidence to support Plaintiff's motion and that "Plaintiff's dissatisfaction with that decision does not create a basis for the Court to reconsider its prior Order." (Opp., ECF No. 95, at 5, 8-9.) Defendants further assert that "Plaintiff also seemingly contends that there is an apparent need to correct an error, pursuant to the third basis for a motion for reconsideration[, but] Plaintiff does not identify that error by citing to authority the Court failed to consider." (Id.)

A party moving for reconsideration must demonstrate: "1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court issued its order; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice." Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ R. 7.1(i) (party requesting reconsideration must "concisely" set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked"). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citation omitted); Dymnioski v. Crown Equip. Corp., No. 11-3696, 2012 WL 3095333, at *1 (D.N.J. July 30, 2012)

(A "motion for reconsideration [is not] an opportunity to ask the Court to rethink what it has already thought through.").

Here, Plaintiff has failed to demonstrate that reconsideration is warranted. Rather, Plaintiff restates arguments previously submitted while criticizing the Court's earlier ruling as one prematurely pertaining to admissibility. Rule 26 plainly contemplates discovery subject to relevance and proportionality and the Court found Plaintiff's discovery request to be lacking in both respects. In particular, the Court finds the discovery to be burdensome and speculative. Indeed, although she recounts factual allegations at great length, Plaintiff offers no case law addressing discovery relating to a public official's alleged prior misuse of power and, similarly, no authority to support such a broad application of Rule 26 in conjunction with the Federal Rules of Evidence. Moreover, Plaintiff offers no authority to support her apparent argument that the Court committed legal error and no timeline addressing Defendants' contention that no new evidence has materialized. The Court, therefore, denies Plaintiff's request for reconsideration.

**ACCORDINGLY, IT IS** on this 10th day of July, 2017,

**ORDERED** that Plaintiff's motion (ECF No. 93) is denied; and

**ORDERED** that the Clerk shall terminate ECF No. 93.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**