NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARBARA HARRINGTON,
    Plaintiff,

v.

BERGEN COUNTY, et al.,

    Defendants.

Civil Action No. 14-5764 (SRC)

**OPINION & ORDER**

**CHESLER,** District Judge

  This matter comes before the Court upon Plaintiff's appeal (ECF No. 99) of Magistrate Judge Waldor's denial (ECF No. 98) of Plaintiff's motion for reconsideration concerning Judge Waldor's prior order (ECF No. 92), which denied Plaintiff's motion to compel certain discovery testimony. For the reasons stated below, Plaintiff's appeal is denied.

  **A. Standard of Review**

  United States magistrate judges may hear and determine non-dispositive pretrial matters pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). Typically, under Local Civil Rule 72.1(c)(1)(A), district court judges may only reverse a magistrate judge's determination of pretrial matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1)(A).

  Where the "appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute" however, "an even more deferential standard, the 'abuse of discretion standard' must be applied." Worthy v. City of Newark, 2008 WL 413309, at

*2 (D.N.J. Feb. 13, 2008) (quoting Port Auth. v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579, at *5 (D.N.J. March 29, 2001)); *see also* Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J.1998).  The deferential abuse of discretion standard is "particularly appropriate"—as in the case at bar—"where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings."  Phillips v. Greben, 2006 WL 3069475, at *4 (D.N.J. Oct.27, 2006).  An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted."  Leap Sys., Inc. v. Moneytrax, Inc., No. 05–1521, 2010 WL 2232715, at *3 (D.N.J. June 1, 2010) (internal quotations and citations omitted).  As the party filing the notice of appeal, Plaintiff bears the burden of demonstrating that the magistrate judge's decision violates this standard of review.  Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J.1994).

### B. Analysis

In denying Plaintiff's motion for reconsideration, the Judge Waldor noted that a party moving for reconsideration must demonstrate: "1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court issued its order; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Reconsideration is not warranted by "mere disagreement" with the court's decision, nor by a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision."  G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citation omitted).

In light of the reconsideration factors outlined in Banda, Magistrate Judge Waldor found that Plaintiff failed to meet its heavy burden to demonstrate that reconsideration was warranted. Plaintiff had not advanced new grounds for reconsideration, but instead merely restated arguments that were previously submitted in its discovery motion. Magistrate Judge Waldor found the speculative and burdensome discovery request to violate the relevancy and proportionality requirements of Federal Rule of Civil Procedure 26. With respect to the Banda factors, Judge Waldor concluded that Plaintiff failed to provide legal authority supporting its contention that the Court committed a clear error of law or fact, and that Plaintiff failed to support its motion with relevant case law or a timeline addressing Defendants' contention that no new evidence had materialized.

In her appeal of the denial for reconsideration, Plaintiff reiterated her contention that it "was a plain error of law for a Magistrate Judge, during fact Discovery, to make a de facto evidentiary admissibility ruling that is solely within the jurisdiction of the District Judge." (Appeal, ECF No. 99-1, at 1.)

After careful consideration of Magistrate Judge Waldor's Order, as well as the parties' briefing on appeal, this Court concludes that Judge Waldor did not abuse her discretion in denying Plaintiff's motion to compel discovery. It was not arbitrary, fanciful or unreasonable for Judge Waldor to conclude that the relevancy and proportionality requirements in Rule 26 precluded a burdensome and speculative inquiry into a single, unrelated case that preceded the filing of the present case by nine years. Further, it was not unreasonable for Judge Waldor to conclude, based on the Banda factors, that Plaintiff had failed to identify clear error of law or fact, or support its motion with relevant case law or legal authority.

While Judge Waldor's denial of Plaintiff's motion for reconsideration will not be reversed under the deferential abuse of discretion standard, it also would not be reversed under de novo review. Rule 26 imposes relevancy and proportionality limits regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1).

It is not clear whether this speculative discovery request for testimony concerning an unrelated criminal investigation that occurred nearly nine years ago meets the test for relevancy outlined in Federal Rule of Evidence 401. Even assuming that this discovery testimony were relevant, however, the request nonetheless fails the proportionality requirement in Rule 26. Plaintiff's discovery request does pertain to the incidents that occurred in September 2012. The benefit of granting this discovery request is likely minimal, given the amount of time that has transpired and the marginal nexus between the criminal investigation of the physician and the dispute at bar. This speculative benefit does not outweigh the burden to the parties and to the court's resources, and thus is not permitted discovery under Rule 26.

For all of the forgoing reasons,

**IT IS** on this 3rd day of October, 2017,

**ORDERED** that Plaintiff's appeal (ECF No. 99) of the denial of the motion for reconsideration is **DENIED** with prejudice.

                                                 s/ Stanley R. Chesler  
                                                 **STANLEY R. CHESLER**  
                                                 United States District Judge